Robert CHAPTER, individually and Guardian of Audrey Chapter, a Disabled Person, Plaintiff,

v.

MONFORT OF COLORADO, INC., Sipco Inc. and Travelers Plan Administrators of Colorado, Inc., Defendants.

RIVERSIDE MEDICAL CENTER, Plaintiff,

v.

MONFORT, INC., and Monfort, Inc. Comprehensive Medical Plan No. 2001S, Defendants.

Nos. 92 C 2424 and 91 C 5427.

United States District Court, N.D. Illinois, E.D.

May 29, 1992.

Kurt D. Hyzy, Robert J. Biswurm, Robert J. Biswurm & Associates, Chicago, Ill., for Robert Chapter.

Norman E. Goldman, Albert Speisman, Denise M. Sircher, Nicola J. Bowkett, Albert Speisman & Associates, Highland Park, Ill., for Riverside Medical Center.

Richard S. Jalovec, Richard S. Jalovec & Associates, Chicago, Ill., William H. Bruckner, Sylvia Davidow, Bruckner & Sykes, Houston, Tex., for Monfort of Colo., Inc., SIPCO, Inc., Travelers Plan Adm'rs of Colo., Inc., Monfort, Inc., and Monfort, Inc. Comprehensive Medical Plan No. 2001S.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

We earlier asked for further assistance respecting Robert Chapter's claim on behalf of himself and we have received it. We now enter summary judgment for Robert Chapter on count II and for the defendants on count I of 91 C 2424 and for the defendants in 91 C 5427. Riverside Medical Center necessarily must recover through Robert Chapter individually and not as guardian of Audrey Chapter.

Although the record is not completely clear, we think there is agreement that Robert Chapter was employed by Monfort of Colorado, Inc. or one of its subsidiaries, and that he was covered by his employer's self-insured plan, the Monfort, Inc. Comprehensive Medical Plan No. 2001S, which had previously been known as the SIPCO Plan. The routine administration of the plan was by Travelers Plan Administrators of Colorado, Inc., with the employer the designated plan administrator. In the event of dispute, however, the final decision was left to the SIPCO, Inc. Benefit Administration Board (SBAB), as the plan fiduciary. One of the four members is appointed by the employer's Board. The record does not disclose how the others are appointed. SBAB has discretion to interpret the plan, and it ruled against Chapter.

The scope of this court's review is uncertain. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), mandates that we accord some deference to the fiduciary's decision. How much deference depends in part upon the extent of any conflict of interest inherent in the decision-making. *See id.; see also Van Boxel v. Journal Co. Employees' Pension Trust*, 836 F.2d 1048 (7th Cir. 1987). We know that any benefit payments come from the employer's assets.

We are unsure, however, of the extent to which SBAB is a creature of the employer. Perhaps we should recognize the issue here as one of, essentially, contract interpretation, a matter customarily within the province of a court, and for that reason accord less deference. Benefits here are paid from a self-insured plan, not an insurance policy, but the participants undoubtedly considered themselves covered by medical insurance. The language of the plan was selected by the employer. Perhaps it ought to be construed against the employer as a matter of federal common law in those circumstances, even to the extent of adopting the rule of *contra proferentem*, or at least the decision-makers should be required to follow that rule in their reasonable interpretation of a plan. *See Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 581, 112 L.Ed.2d 587 (1990); *see also Masella v. Blue Cross & Blue Shield, Inc.*, 936 F.2d 98, 107 (2d Cir.1991). Indeed, it is difficult to believe that Congress intended to give beneficiaries any lesser protection under ERISA than they had under traditional state rules that resolve contract ambiguities in their favor. In any event, given the purpose of the coverage we think Robert Chapter is entitled to recover as a participant.

A medical plan obviously does not protect anyone from injury; it protects participants against economic loss. Robert Chapter was a participant. By operation of Illinois law he personally incurred the usual, customary and reasonable charges for services to his wife. He engaged in no activities which would exclude him from coverage. We believe he is entitled to the protection of the plan.